UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. BRANCH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.16-cv-03811-JSC<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT**<br><br>(Dkt. No. 14) |

Plaintiff Clarence A. Branch, proceeding pro se, brings this action against the United States of America. The Court previously granted Plaintiff's application to proceed in forma pauperis and reserved to a later time evaluation of the Complaint under 28 U.S.C. § 1915. (Dkt. No. 3.) The Court thereafter issued an Order to Show Cause because mail sent to Plaintiff at his last known address had been returned as undeliverable. (Dkt. No. 8.) Plaintiff then responded to the Order to Show Cause, provided his new address, and consented to the jurisdiction of the undersigned magistrate judge. (Dkt. No. 10.) The Court then reviewed the complaint under Section 1915 and dismissed it for failure to state a claim because Plaintiff had failed to identify a cognizable legal theory. (Dkt. No. 11.) On the deadline to do so, Plaintiff filed a document captioned "Amendment." (Dkt. No. 14.) It is unclear if this document is an attempt to amend the complaint as it fails to address any of the issues raised in the Court's prior Order, but in an

excess of caution, the Court will construe it as Plaintiff's First Amended Complaint.[1] Having reviewed the First Amended Complaint pursuant to Section 1915, the Court DISMISSES the complaint for failure to state a claim upon which relief can be granted.

## DISCUSSION

Under 28 U.S.C. § 1915, the Court has a continuing duty to dismiss any case in which a party is proceeding in forma pauperis if the Court determines that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. § 1915(e)(2); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact."). Upon dismissal, pro se plaintiffs proceeding in forma pauperis must be given leave to "amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1235 n.9 (9th Cir. 1984) (internal citations and quotation marks omitted); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

In dismissing Plaintiff's original complaint, the Court noted that it had been unable to discern any cognizable legal claim from Plaintiff's filing. The First Amended Complaint ("FAC") fares no better. Below the caption of "Amendment" on the first page, the filing states:

In-Personnam (Grounds)

relief; "Payment", Pay to the order of Clarence A Branch the demand

relief: "Laches Doctrine"

(Dkt. No. 14 at 1.) Other than these three sentences, there is no other written component to the FAC. Instead, Plaintiff has attached 9 pages of exhibits, many of which he previously submitted, including a handwritten "Interrogatory # 3" which is addressed to the Honorable Judge Sidney Thomas. (*Id*. at 8.) As with his prior complaint, Plaintiff's amendment presents "no cognizable

---

[1] Plaintiff filed a response to a prior to Order to Show Cause on October 17—the same day as the Court's dismissal Order—although it was not docketed until October 19. (Dkt. No. 12.) This filing is not responsive to the Court's dismissal order and contains an improper request that the contents of the filing be submitted under seal. The Court STRIKES the filing for failure to comply with Local Rule 79-5 regarding filing matters under seal.

legal theory [and] an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010).

The Court thus again dismisses the complaint for failure to state a claim. "A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal citation and quotation marks omitted) (per curiam).  Because the Court cannot say with certainty that further amendment of Plaintiff's claims would be futile since the Court has yet been able to glean the nature of Plaintiff's legal claim(s), the Court will give Plaintiff one final opportunity to amend his complaint to state a cognizable claim.

## CONCLUSION

Plaintiffs' First Amended Complaint is DISMISSED. **Plaintiff shall file an amended complaint by December 19, 2016.**  Any amended complaint must specify the basis for his legal claim(s) and the facts which support his claim(s).  If Plaintiff fails to identify the legal and factual basis for his claims, or fails to file an amended complaint by this date, this action will be dismissed.

**IT IS SO ORDERED.**

Dated: November 30, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE A. BRANCH,<br>    Plaintiff,<br>  v.<br>UNITED STATES OF AMERICA,<br>    Defendant. | Case No. 16-cv-03811-JSC<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 30, 2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Clarence A. Branch
391 Ellis Street
General Delivery
San Francisco, CA 94102

Dated: November 30, 2016

Susan Y. Soong
Clerk, United States District Court

By: /s/ Ada Means
Ada Means, Deputy Clerk to the
Honorable JACQUELINE SCOTT CORLEY

4